

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable John T. Hutchison
County Attorney of Lamar County
Paris, Texas

Dear Sir:

Opinion No. 0-6161
Re: Whether the Commissioners'
Court of Lamar County is
legally authorized to con-
tribute $100.00 per month
as part pay of the service
officer, who is working un-
der the sponsorship of the
American Legion, whose prin-
cipal duties are to give aid
and assistance to returning
soldiers, and a related
matter.

Your letter of August 10, 1944, requesting the opin-
ion of this department on the questions stated therein, is as
follows:

"Will you please give me an opinion upon the
following questions:

"1. Is the Commissioners' Court of Lamar
County, Texas, authorized to vote a contribution
of $100 a month towards the pay of a service
officer who is working under the sponsorship of
the American Legion, whose principal duties are
to give aid and assistance to returning soldiers?

"2. If the Commissioners' Court is authorized
to vote said contribution, then is the county auditor
of Lamar County authorized to pay $100 a month to
said service officer of the American Legion, and if
so what fund does he pay it out of?"

Section 1, of House Bill No. 368, Acts of the 48th
Legislature, Regular Session, 1943, provides:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

officer is a public necessity in the dispatch
of county business, it shall, by a majority of
the full membership thereof, create and establish
a veterans' county service office. The county
commissioners' court shall appoint such veterans
to such service office with such assistant
veterans to such service office as shall be deemed
necessary by the county commissioners' court. Such
veteran county service officer, and/or assistant
veteran county service officer, shall receive a
salary not to exceed $100.00 per month for the
principal officer and not more than $50.00 per
month, fixed by the county commissioners' court,
to be paid in equally monthly installments out
of the general fund of the county, and all sal-
aries, travel and other expenses of such office
shall be paid on order of the commissioners'
court."

The act further prescribed the qualifications of
veterans' county service officer, and/or assistant veterans'
county service officer, the duties of such officers and the
terms of office, etc.

You do not state in your letter whether or not the
Commissioners' Court of Lamar County has determined that a
veterans' county service officer is a public necessity in the
dispatch of county business and appointed a veterans' service
officer under the provisions of House Bill No. 360, supra. If
the County Commissioners' Court of Lamar County has appointed
a veterans' county service officer, and/or assistant veterans'
county service officer under the above mentioned act, the
maximum compensation of the veterans' county service officer
cannot legally exceed $100.00 per month and the maximum com-
pensation of any assistant veterans' county service officer
cannot legally exceed $50.00 per month.

The above mentioned act specifically provides that
the compensation of such officers shall be paid out of the
general fund of the county and if the commissioners' court has
appointed such officer or officers, then the payment of the
compensation of such officers, not to exceed the above mentioned
amounts, out of the said general fund of the county would be
proper.

If the Commissioners' Court of Lamar County has not appointed a veterans' county service officer, and/or assistant veterans' county service officer, under House Bill 368, supra, then the commissioners' court of said county would have no legal authority to contribute $100.00 per month as part compensation of a service officer who is working under the sponsorship of the American Legion, when such officers were not appointed in compliance with the foregoing act.

It is well established in this State that the Commissioners' court has only such power and authority which are expressly given by the statute and the Constitution of this State or such power and authority necessarily implied therefrom.

We direct your attention to our opinions, Numbers 0-5675 and 0-5969, involving the construction of House Bill No. 368, supra, as relating to the questions involved in such opinions. We enclose copies of these opinions for your convenience.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      (s) Ardell Williams
                Assistant

AW:ft:fb


APPROVED AUG 25, 1944
(s) Geo. P. Blackburn
(Acting) ATTORNEY
GENERAL OF TEXAS


APPROVED OPINION COMMITTEE
BY (S) BWB, CHAIRMAN